Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| FRANCISCO JAVIER RODRÍGUEZ<br><br>Apelado<br><br>v.<br><br>MORAYMA PARRILLA REQUENA<br>Y OTROS<br><br>Apelante | TA2025AP00287 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.:<br>CA2021CV03363<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero

**Ortiz Flores, Jueza Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, el 10 de noviembre de 2025.

Comparece, ante este Tribunal de Apelaciones, la señora Morayma Parrilla Requena y la señora Norina Parrilla Requena (en conjunto, las apelantes) por derecho propio y nos solicitan que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI) el 30 de junio de 2025 y notificada en esta misma fecha. En el aludido dictamen, el foro primario declaró ha lugar el reclamo por enriquecimiento sin causa y ordenó a las apelantes a pagar la suma de $32,395.00 por partida de enriquecimiento sin causa a favor del señor Francisco Javier Rodríguez Pérez (Sr. Rodríguez Pérez; apelado).

Por los fundamentos que expondremos a continuación, revocamos la *Sentencia* apelada.

**I**

El 10 de diciembre de 2021, el Sr. Rodríguez Pérez instó una *Demanda* contra las apeladas donde solicitó al tribunal que lo declarara único y absoluto dueño del bien objeto de la controversia. Dicho objeto fue descrito como un vehículo de motor marca Ford; modelo: F-150; año 2014; número de identificación IFTEW1CM6EKD88498; tablilla 924676 y con

precio de $34,995.00.[1] Posteriormente, las apeladas presentaron su *Contestación a Demanda* donde, además de presentar sus defensas afirmativas, instaron una reconvención. En esta última alegaron que el Sr. Rodríguez se había apropiado ilegalmente del vehículo de motor en controversia, puesto que **dicho vehículo estaba registralmente a nombre del señor Ramón Parrilla Reyes** (Sr. Parrilla Reyes), quien fue el padre de las apelantes. Por tal motivo, solicitaron al tribunal que desestimara la *Demanda* presentada por el apelado y ordenara que se les hiciera entrega del vehículo de motor, más impusiera al Sr. Rodríguez Pérez el pago de costas, gastos y honorarios de abogado.[2]

El caso continuó su curso, aunque con algunos incidentes procesales, donde el 17 de enero de 2024 el Sr. Rodríguez Pérez solicitó enmendar sus alegaciones para incluir una acción de daños a raíz de la ocupación del vehículo por parte de la Policía de Puerto Rico. Alegó que la mencionada ocupación fue motivada por una querella realizada por las apelantes y que ello causó que se le arrebatara de su posesión de buena fe, libre y pacífica sobre el vehículo en cuestión. Además, adujo que dicho evento provocó que la deuda del vehículo con el banco aumentara.[3] En su oposición a la enmienda, las apelantes sostuvieron que el Sr. Rodríguez Pérez cometió un acto ilegal al renovar el marbete de un vehículo de motor que le pertenece a una persona fallecida y ello fue el motivo de su querella. Añadió que, como resultado de esta, la Policía realizó su investigación y como parte del proceso ocupó el vehículo, por lo que las apelantes no actuaron de manera culposa. Por último, alegaron que si el Sr. Rodríguez sufrió daño alguno su reclamación debía ser dirigida al Negociado de la Policía de Puerto Rico.[4] Sin embargo, dicho escrito fue presentado tardíamente. Por tal motivo, la *Demanda* quedó enmendada.

---

[1] SUMAC, Entrada 1, en CA2021CV03363.
[2] SUMAC, Entrada 10, en CA2021CV03363.
[3] SUMAC, Entrada 101, en CA2021CV03363.
[4] SUMAC, Entrada 113, en CA2021CV03363.

Así las cosas, el 30 de junio de 2025, el TPI emitió su *Sentencia* final en el caso. Luego de justipreciada la prueba testifical y documental desfilada, el tribunal realizó las siguientes determinaciones de hechos:

1. Francisco Javier Rodríguez y Morayma Parrilla Requena tuvieron una relación sentimental por espacio de 8 años, divorciándose en el 2020.

2. El demandante había tenido un vehículo Ford-F-150 color blanco del año 2011 a nombre del Sr. Ramón Parrilla, padre de la Sra. Moraima Parrilla.

3. El 26 de septiembre de 2014 el Sr. Ramón Parrilla fue con el demandante a Fajardo Ford y se compró a plazos el vehículo en controversia con el crédito de Sr. Parrilla (Ford F-150 vino del año 2014, Tablilla 924-676). El vehículo en ese momento tenía un precio de $34,995.00.

4. El demandante mantuvo posesión del vehículo comenzando en el 2014.

5. **El 9 de septiembre de 2018 el Sr. Ramón Ernesto suscribió declaración jurada sobre el vehículo Ford F-150. El documento disponía las diligencias que se debían hacer con respecto al vehículo.**

6. **La declaración jurada suscrita por el Sr. Ramón Parrilla no hacía referencia a titularidad del vehículo.**

7. **El 10 de septiembre de 2018, con el demandante participando como uno de los testigos del otorgamiento, el Sr. Parrilla hizo testamento ante la Notaria Arleen Velez.**

8. **La guagua Ford F-150 color vino se encontraba bajo el patrimonio de Sr. Parrilla y fue distribuido a sus sucesoras, demandada y codemandada, en dicho testamento.**

9. El vehículo recibió un gravamen de persona fallecida ante la muerte del Sr. Parrilla el 26 de noviembre de 2020.

10. El demandante continuó con la posesión y uso del vehículo, aunque tenía gravamen, y lo llevaba al Departamento de Transportación y Obras Públicas para sacarle marbetes.

11. La parte demandada envió cartas para que el demandante les entregara el vehículo.

12. En junio de 2022 las codemandadas le hicieron una querella ante la Policía de Puerto Rico, División de Vehículos Hurtados, Municipio de Bayamón.

13. En junio de 2023, como parte de su investigación, la Policía de PR, Departamento de Vehículos Hurtados le removió al demandante la posesión el vehículo.

14. El Banco Popular de Puerto Rico, en noviembre de 2023, se hizo cargo del vehículo una vez la Policía de PR concluyó su investigación.

15. La demandada le pagó a BPPR un total de $2,600.00 en pagos e intereses para saldar el vehículo.

16. La parte demandada se encuentra es la dueña del vehículo objeto de esta controversia.[5] (Énfasis nuestro.)

Conforme a lo anteriormente esbozado y el derecho aplicable, el foro primario **concluyó que entre el Sr. Rodríguez Pérez y el Sr. Ramón Parrilla Reyes se configuró un cuasicontrato**. Este constaba en que el apelado se podía aprovechar del historial crediticio del Sr. Parrilla Requena mientras pagara la mensualidad del vehículo en controversia. Al haber sido esta la relación entre las partes mencionadas, **el TPI determinó que procedía un pago a favor del apelado bajo la doctrina de enriquecimiento injusto**. En consecuencia, al tomar en cuenta que las apelantes habían pagado la cantidad de $2,600.00 para saldar el vehículo, esta cifra fue restada del valor del vehículo al momento de su compra, que fue $34,995.00. Realizado el cálculo correspondiente, el tribunal de instancia **ordenó a las apeladas a efectuar un pago por el total de $32,395.00 a favor del apelado** por concepto de gastos incurridos en el pago del vehículo. Por consiguiente, **declaró Con Lugar la partida de enriquecimiento sin causa presentada por el apelado**. No obstante, **declaró No Ha Lugar la partida por transferencia de título también presentada por el apelado**. Por último, decidió no imponer honorarios ni penalidades por temeridad a ninguna de las partes ya que encontraba innecesaria dicha imposición.[6]

Inconforme con lo resuelto por el foro primario, las apelantes presentaron una *Moción en Reconsideración*,[7] la cual fue declarada No Ha Lugar.[8] Aún inconforme, las apelantes acuden a este foro intermedio mediante el recurso de epígrafe y exponen el siguiente único señalamiento de error:

---

[5] SUMAC, Entrada 184, en CA2021CV03363, págs. 4-5.
[6] SUMAC, Entrada 184, en CA2021CV03363, págs. 8-9.
[7] SUMAC, Entrada 185, en CA2021CV03363.
[8] SUMAC, Entrada 188, en CA2021CV03363.

ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE EN EL CASO SE CONFIGUR[Ó] UN CUASI CONTRATO Y APLICAR LA FIGURA DEL ENRIQUECIMIENTO INJUSTO; LAS CONCLUSIONES DE DERECHO DEL TRIBUNAL NO SON SOSTENIBLES EN BASE A LOS HECHOS DETERMINADOS.

Oportunamente, la parte apelada presentó *Oposición a Apelación*. Al contar con el beneficio de la comparecencia de ambas partes, el recurso quedó debidamente perfeccionado y nos encontramos en posición de resolver. Veamos.

## II

## A

En nuestro ordenamiento jurídico las obligaciones nacen de la ley, los contratos, cuasicontratos y de los actos y omisiones ilícitos o en que intervenga cualquier género de culpa o negligencia. Artículo 1063 del Código Civil, 31 LPRA sec. 8984. A pesar de que el Código Civil vigente no define los cuasicontratos, el Código Civil de 1930 definía esta fuente de las obligaciones como "los hechos lícitos y puramente voluntarios, de los que resulta obligado su autor para con un tercero y a veces una obligación recíproca entre los interesados". Artículo 1787, 31 LPRA sec. 5091. Por otro lado, la doctrina de enriquecimiento injusto es un principio general del derecho fundado en la equidad, que está presente en todo ordenamiento jurídico. En su Artículo 1526 el Código Civil define el enriquecimiento sin causa como sigue:

> Si una persona, sin justa causa, se enriquece a expensas de otra, está obligada a indemnizarla de la correlativa disminución patrimonial en la medida de su propio enriquecimiento, ya sea que este provenga de la obtención de una ventaja o de la evitación de un perjuicio. 31 LPRA sec. 10771.

Igual que otras acciones basadas en la equidad, la reclamación por enriquecimiento injusto aplica **cuando no existe ley que provea para otra causa de acción**. *E.L.A. v. Cole*, 164 DPR 608, 632 (2005). La acción por enriquecimiento injustificado procede cuando el Código Civil no ha provisto un remedio para una situación en la que se produce un desplazamiento patrimonial que beneficia a uno, y enriquece a otro, sin explicación

razonable o justificada en el ordenamiento vigente. J. Puig Brutau, *Fundamentos de Derecho Civil*, Barcelona, Bosh 1ra. ed. 1983, Tomo II, Vol. III, pág. 44. Nos corresponde concluir que "el enriquecimiento injusto es un corolario del concepto de equidad; que está subsumido en el Código Civil en la figura de los cuasicontratos; y que es de carácter subsidiario, en otras palabras, que no puede existir una causa que justifique el enriquecimiento." E. Fontánez Torres, *Obligaciones y contratos*, 75 (Núm. 1) Rev. Jur. U.P.R. 245, 258 (2006). En fin, para que la doctrina de enriquecimiento injusto pueda ser invocada exitosamente, es necesario que concurran los siguientes requisitos: (1) existencia de un enriquecimiento; (2) un correlativo empobrecimiento; (3) una conexión entre el empobrecimiento y el enriquecimiento; (4) falta de causa que justifique el enriquecimiento; y (5) la inexistencia de un precepto legal que excluya la aplicación del enriquecimiento sin causa. *Mun. Quebradillas v. Corp. Salud Lares*, 180 DPR 1003, 1019-1020 (2011). Véase, además, *Díaz Lizardi y. Aguayo Leal*, 162 DPR 801, 815 (2004).

## III

En su recurso, las apelantes discuten en la argumentación de su único señalamiento de error, que **la relación entre el Sr. Rodríguez Pérez y el Sr. Parrilla Reyes no era suficiente para constituir un cuasicontrato**. Sin embargo, en la alternativa, alegan que en caso de que se hubiese dado un cuasicontrato, el apelado incumplió con su obligación al dejar un balance impago de la mensualidad del vehículo por la cantidad de $2,610.68, lo que ocasionó que el Banco Popular de Puerto Rico lo reposeyera. Además, arguyen que el TPI erró en concluir que el Sr. Rodríguez Pérez sufrió de un enriquecimiento sin causa puesto que **el apelante no cumple con ninguno de los requisitos que exige la aplicación de dicha doctrina**, en esencia, porque **el apelado disfrutó plenamente del uso del bien mientras pagó por este**. Por último, las apelantes **aducen que procede la revisión de la cantidad ordenada a pagar por ser esta excesiva e irrazonable** tomando en consideración que

se trata de un bien que estas reciben con nueve (9) años de uso y que, por la naturaleza del bien, ello representa una depreciación en el mercado. De entrada, pronunciamos que, **en cuanto a la determinación de que existió entre ambos un cuasicontrato, no les asiste la razón a las apelantes**. En efecto, el Sr. Ramón Parilla, padre de las apelantes, y el **Sr. Rodríguez Pérez,** tenían un acuerdo que consiste en que **el Sr. Parilla compró el vehículo de motor objeto de la controversia a su nombre para aprovechar su historial crediticio, con la condición de que el demandante y apelado lo utilizara mientras hiciera pago de las mensualidades correspondientes.**

No obstante, diferimos del dictamen realizado en cuanto a la aplicación de la doctrina de enriquecimiento injusto. Nos explicamos.

Al examinar el expediente del recurso que nos ocupa, vemos que el Sr. Rodríguez se vio en la necesidad de poseer un vehículo por razones de trabajo como perito electricista, pero no contaba con el historial crediticio necesario para comprarlo. Por tal motivo, reafirmamos que el Sr. Ramón Parrilla le ofreció su historial crediticio para financiar el precio de compraventa a nombre de este, con el compromiso de que el Sr. Rodríguez **efectuara los pagos mensuales mientras disfrutara del uso y posesión del vehículo.**[9] Incluso, **el Sr. Ramón Parrilla suscribió una declaración jurada el 9 de septiembre de 2018 en la que autorizó al Sr. Rodríguez Pérez específicamente a "solicitar, firmar y entregar documentos, firmar cheques, requerir información, tramitar reclamaciones de seguro, obtener información de balances en la cuenta del vehículo número 822-001-0542245-0004, realizar traspaso de cuenta, realizar traspaso de vehículo, realizar querellas [y] tramitar querellas por accidente".**[10] Es decir, **nada se dispuso sobre la titularidad del vehículo** tal y como quedó expuesto en el inciso número seis (6) de las determinaciones de hechos realizadas por el foro de instancia. Sino que

---

[9] SUMAC, Entrada 156, en CA2021CV03363, págs. 1-2.
[10] SUMAC, Entrada 155, en CA2021CV03363, Anejo 3.

**dichas autorizaciones redundaban en el uso del bien inmueble**. Por lo tanto, **no hallamos prueba en el expediente que demostrara que la intención de los pagos emitidos por parte del Sr. Rodríguez Pérez fueron hechos con la finalidad de adquirir titularidad del vehículo ni el apelado acreditó esfuerzos para convertirse en el dueño registral**. Ello implica que el cuasicontrato constaba de una especie de renta, donde el Sr. Rodríguez Pérez realizaba pagos mensuales a cambio del uso del vehículo.

Expuesto lo anterior, al realizar el debido análisis, concluimos que el Sr. Rodríguez Pérez no sufrió de un enriquecimiento injusto. Como esbozamos en el acápite anterior, los requisitos para un enriquecimiento sin causa son (1) existencia de un enriquecimiento; (2) un correlativo empobrecimiento; (3) una conexión entre el empobrecimiento y el enriquecimiento; (4) falta de causa que justifique el enriquecimiento; y (5) la inexistencia de un precepto legal que excluya la aplicación del enriquecimiento sin causa. Referente a los hechos del caso, en primer lugar, no se cumple con el primer requisito ya que no hay enriquecimiento pues no hubo un desplazamiento patrimonial que no tiene una explicación razonable en el derecho vigente, pues **las apeladas advienen dueñas del vehículo por medio de herencia**. En segundo lugar, tampoco hay un correlativo empobrecimiento porque **el Sr. Rodríguez Pérez nunca fue dueño de dicho vehículo y mientras emitió pagos en concepto de mensualidad hizo uso de este**. Por consiguiente, tampoco cabe hablar de una conexión entre el empobrecimiento y el enriquecimiento. Al no configurarse los primeros requisitos resulta fútil examinar el resto. Resolvemos que no hubo enriquecimiento injusto.

Conforme a lo discutido, revocamos la decisión apelada y dejamos sin efecto la orden de pago emitida a favor del Sr. Rodríguez Pérez a ser satisfecha por la señora Morayma Parrilla Requena y la señora Norina Parrilla Requena.

**IV**

Por los fundamentos que nos anteceden, revocamos la *Sentencia* apelada.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones